IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **Plaintiff,** : | |
| vs. : | 5:04-CV-371 (CAR) |
| : | |
| **$17,771.00 IN UNITED STATES** : | |
| **CURRENCY, MORE OR LESS,** : | |
| **& EUGENE T. ADKINS,** : | |
| : | |
| **Defendants.** : | |

### *ORDER ON MOTION FOR IMMEDIATE DISMISSAL*

This case is currently before the Court on Defendant Eugene Adkins' "Motion for Immediate Dismissal" [Doc. 13]. Construing the present motion broadly, Defendant, acting *pro se*, seems to assert that this forfeiture action should be dismissed due to (1) "time line procedures and lack of response and avoidances by plaintiff," and (2) lack of "just cause for the stop and seizure" wherein the $17,771.00 at issue in this case was seized. However, Defendant fails to cite any authority or otherwise elaborate on the cursory arguments made in the current motion such that the Court can clearly understand his proffered grounds for dismissal.

This is especially true for Defendant's first apparent ground for dismissal which refers to alleged "time line and lack of response and avoidances by plaintiff." Defendant has not explained how the Government erred procedurally in this case such that a dismissal is warranted. Nor has Defendant cited any authority in support of his argument. The Court, therefore, cannot find that the case is due to be dismissed on procedural grounds.

Defendant next appears to challenge the validity of the traffic stop and search giving rise to the seizure of the funds at issue in this case. Yet, in his motion, Defendant does not in any way dispute the allegations contained in the Government's Complaint [Doc. 1]. Thus, the Court assumes that Defendant's present motion may actually be a challenge to the sufficiency of the allegations contained in the forfeiture complaint. As a general rule, "[a] civil forfeiture complaint against property allegedly connected to drug trafficking must meet the particularity in pleading requirement of Supplemental Rule E(2)(a)." United States v. Mondragon, 313 F.3d 862, 864 (4th Cir. 2002); 21 U.S.C. § 881(b), (d). This rule requires that a forfeiture complaint, like the one at bar, "state the circumstances from which the complaint arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Id. The government also has "the substantive obligation to allege facts sufficient to establish that the property has been properly forfeited." United States v. $ 4,096.00 in U.S. Currency, 2005 WL 1127138 *2 (M.D. Ga. May 6, 2005).

The Government's Complaint in this case makes the following allegations:

On or about March 3, 2004, Deputy Duncan of the Monroe County Sheriff's Office initiated a routine traffic stop of a 2000 Honda Civic on I-75 northbound at the 190 mile marker in Forsyth, Georgia after noticing that a paper tag from a car rental company served as the vehicle's license plate. Once stopped, the driver identified himself as Andre Welvin Adkins, but he later admitted that he had falsely given the deputy his brother's name and that his name was in fact Anthony Wyndel Adkins. The passenger of the vehicle was

identified as Candice Nicole Collins.

When Deputy Duncan first approached the vehicle, he could smell the odor of marijuana. When questioned, the driver stated that they were going to Atlanta, Georgia to make a payment on a Suburban he was purchasing. The passenger, however, gave conflicting information that they were going to Atlanta to "ride around." Deputy Duncan further observed that the driver was acting very nervous and asked if there were any drugs or large sums of money in the vehicle. The driver answered "No," and consent to a search of the vehicle was given. During the subsequent search, Deputy Duncan located three marijuana cigarettes in the car and a small amount of marijuana on the driver's person. The deputy further found a backpack which contained several bundles of currency wrapped in a towel and bundled with rubber bands. A count of this currency revealed a total of $17,771.00. The backpack also contained a set of scales.

The allegations in the Government's Complaint are further supplemented by the affidavit of Special Agent Hubert Johnson of the U.S. Drug Enforcement Administration (herein "DEA"). Therein, Agent Johnson states that, based on his training and experience, those persons participating in unlawful drug activity often keep large amounts of U.S. currency available and conduct business on a cash-only basis while legitimate business transactions including large sums of money are not usually conducted on a cash-only basis. Agent Johnson also states that, at the time of the search, Ms. Collins, the passenger, stated that she did not know anything about the currency found. The driver was subsequently arrested for driving with a suspended license, giving a false name, and possession of marijuana with the intent to distribute. The passenger was likewise arrested for possession

of marijuana with the intent to distribute. Subsequent to the arrest, the driver and passenger gave different but again conflicting statements with respect to the ownership and intended use of the currency seized. Authorities then learned that the driver had a drug history of possessing and manufacturing marijuana.

Again, in the current motion, Defendant does not dispute any of the factual allegations contained in the Complaint, and this Court, having scrutinized the Government's allegations therein, finds that the Complaint satisfies the requirements of Rule E(2)(a). The Government sufficiently provides details about the seizure of the currency at issue, which, if true, do establish that a substantial connection existed between the seized property and a controlled substance: both the driver and passenger were repeatedly dishonest with the deputy who stopped them, a large amount of currency was found in the vehicle, and the currency was found in proximity to scales and marijuana cigarettes. The Complaint is additionally supplemented with the affidavit of a special agent from the DEA, which summarizes the information alleged in the Complaint and further states that the driver had a criminal drug history - a fact also tending to support a substantial connection between the cash seized and a controlled substance. See United States v. $ 4,096.00 in U.S. Currency, 2005 WL 1127138 at *4 (M.D. Ga. May 6, 2005).

As such, the Court finds that the Government's Complaint properly states the circumstances giving rise to the present forfeiture action with such particularity that Defendant was able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading. The Government additionally alleged facts sufficient to suggest a substantial connection between the currency seized and

a controlled substance. The Complaint, therefore, should not be dismissed as insufficient.

To the extent that Defendant otherwise seeks to attack the legality of the underlying traffic stop and search, the Court finds that he has failed to properly do so. First, the present motion is one to dismiss, not a motion for summary judgment; inasmuch, no actual evidence challenging the grounds for stop was submitted to the Court by Defendant. Second, even if the present motion, was, as the Government suggests, intended to serve as a motion to suppress, based on the illegality of the stop giving rise to the seizure at issue in this case, there, again, is no evidence or argument currently before this Court which would permit a finding that the stop was not supported by probable cause. See United States v. Dunkley, 911 F.2d 522, 524 (11th Cir. 1990) (reiterating that traffic stop is lawful if officer has probable cause to believe that driver is violating any one of the multitude of applicable traffic and equipment regulations). Defendant in fact makes no factual allegations supporting his apparent contention that the stop on March 3, 2004 was unlawful and due to "some form of racial profiling or harassment and even some blatant disregard of the defendant parties' civil rights." Defendant must obviously come up with something more than these conclusory assertions to succeed in having the present action dismissed.

The Government, in contrast, sufficiently identifies facts, supported by evidence (the affidavit of DEA Special Agent Hubert Johnson), suggesting that the traffic stop underlying the present action was supported by probable cause and therefore lawful. As discussed above, the Monroe County deputy initiated a routine traffic stop in this case after noticing that the vehicle in question had a paper license tag. As he approached the vehicle, the deputy could smell the odor of marijuana emanating from within, and the occupants

gave conflicting information about their intended destination. An occupant subsequently gave consent for the deputy to search the car, which resulted in the seizure of a controlled substance and the currency in question. Given these, the only facts and evidence at bar, the Court finds that there was sufficient probable cause for the traffic stop and that the subsequent search and seizure underlying this action were lawful. See Dunkley, 911 F.2d at 525 (holding traffic stop to be supported by probable cause where improper temporary license tag gave rise to the stop); see also id. at 526 (holding search of car to be lawful where voluntary consent to search was given by driver within presence and hearing of lessee passenger). Thus, to the extent that the validity of the stop and search were the basis of the present motion, Defendant's present motion also fails.

Accordingly, for all of the above reasons, Defendant's "Motion for Immediate Dismissal" is hereby **DENIED**.

**SO ORDERED** this 25th day of August, 2005.

                                        S/  C. Ashley Royal
                                        **C. ASHLEY ROYAL**
                                        **United States District Judge**

JLR